## PEOPLE v. JARZENSKI.

1. INTOXICATING LIQUORS—CRIMINAL LAW — ELECTION OF COUNT —APPEAL AND ERROR.

In a prosecution for violation of the prohibition law, the court's refusal to compel the prosecutor to choose between the count charging illegal possession and that charging the unlawful keeping of a place where intoxicating liquors were sold, *held*, not reversible error, where the prosecutor soon after, on his own motion, elected to stand on the first count, and the trial court properly instructed the jury as to the issue after the second count was abandoned.

2. SAME—EVIDENCE—APPEAL AND ERROR.

Exhibiting to the jury a pint bottle of whisky which a companion of defendant had pleaded guilty to having in his possession, *held*, not harmful to defendant, in view of the fact that no claim was made by the prosecutor that defendant was in any wise responsible therefor, and de-

fendant's counsel were responsible for most of the evidence in reference to the part said companion had in the transaction.

Exceptions before judgment from Jackson; Williams (Benjamin), J. Submitted November 13, 1923. (Docket No. 144.) Decided December 19, 1923.

Carl Jarzenski was convicted of violating the liquor law. Affirmed.

*John F. Henigan* and *George A. Henigan*, for appellant.

*John Simpson*, Prosecuting Attorney, and *Harry E. Barnard*, Assistant Prosecuting Attorney, for the people.

BIRD, J. In three counts defendant was charged with a violation of the prohibitory liquor law in Jackson county. The first count charged him with having unlawful possession of intoxicating liquors. The second count charged him with unlawfully keeping a place where vinous, malt, brewed and intoxicating liquors were manufactured, possessed, stored, sold, given away and furnished. The third count charged a prior conviction under the liquor law. Two questions are raised in his behalf in this court.

1. Before the trial commenced defendant's counsel requested the trial court for an order compelling the prosecutor to make an election between the first and second counts of the information. The court denied the request, saying he did not know what the evidence would be. After the trial had progressed for a time and two or three witnesses had been sworn, the prosecutor elected on his own motion to stand on the first count. His motion in this respect was granted and the trial court then took occasion to say to the jury:

"In view of the testimony in the case and the

prosecutor's position, I instruct the jury the respondent here is charged with the possession of one quart of moonshine whisky. Whether or not he was in possession of that will determine the outcome of this case. He is not to be convicted for anything except what he is charged with. Now, then, it appearing in the evidence that a particular quart bottle of moonshine, which has been referred to, but has not been offered in evidence, was seen by one of the officers to have been thrown behind a table by one LaDue, and LaDue subsequently was arrested and charged with possession of that bottle, and convicted of it. I say to the jury you may disregard this bottle entirely. The respondent is not to be convicted of what LaDue did. LaDue has pleaded guilty of being in possession of that bottle. So the jury will disregard this pint bottle of moonshine in the case."

We think it will be unnecessary to determine whether defendant's motion to compel an election of counts should have been granted by reason of the voluntary election of the prosecutor so soon after the motion was made and by reason of the remarks of the court which made it clear to the jury what the issue was after the second count was abandoned.

2. Counsel complain because the small pint bottle of whisky taken from LaDue, a companion found in company with defendant when his place was searched and he was arrested, was brought before the jury and constantly brought to their attention, it appearing that LaDue had been arrested and pleaded guilty to having possession of the pint bottle of whisky. We can see no particular purpose in exhibiting the pint bottle of whisky, as LaDue had pleaded guilty to having it in his possession when defendant's place was searched, but we are unable to see how its being on exhibition was particularly injurious to defendant. The witnesses for the plaintiff, who made the search and the arrest, had a right to detail what they found when they searched defendant's premises, and who

was with him, if anyone, and they had a right to disclose that LaDue threw his pint bottle of whisky away. There was no claim on the part of the prosecutor that defendant was in any wise responsible for the pint bottle of whisky which LaDue had. Defendant's counsel were responsible for most of the evidence which was brought into the case with reference to the part that LaDue had in the transaction. The fact that LaDue was arrested and pleaded guilty was first developed by defendant's counsel on cross-examination of the people's witnesses. They are therefore in no position to complain because that testimony was before the jury. The case against defendant was a different one. He was informed against for having in his possession a two-quart glass jar containing moonshine whisky. When his premises were searched this glass jar of whisky was seized and subsequently analyzed by a chemist, and he gave testimony of the per cent. of alcohol it contained.

While we think it would have been as well not to have placed the pint bottle of whisky belonging to LaDue on exhibition, we can see no such error in it as would justify us in reversing the case. We think defendant had a fair trial, and the judgment of conviction must be affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.